IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

GEORGE W. WELSHIMER,        )
         )
     Petitioner,        )
         )     Civil Action No. 12-246
     vs.        )
         )     Magistrate Judge Cynthia Reed Eddy
DANIEL BURNS, Superintendent;    )
DISTRICT ATTORNEY  OF        )
MERCER COUNTY; ATTORNEY     )
GENERAL OF THE STATE OF PA,    )
         )
     Respondents.        )

**MEMORANDUM OPINION AND ORDER[1]**

On February 28, 2012, Petitioner filed a Petition for Writ of Habeas Corpus in this Court. Service was made and the Court ordered Respondents to file an Answer, including addressing whether the Petition was timely under the one-year limitation period set forth in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  Respondents filed their Answer on April 10, 2012 (ECF No. 8) wherein they concluded that the petition was timely filed.  This Court's review of the relevant information, however, reveals that the State has miscalculated the limitations provision under AEDPA.

District courts are permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition.  Day v. McDonough, 547 U.S. 198, 209 (2006).  Thus, if a court detects a clear computation error, it must accord the parties fair notice and an opportunity to

---

[1]  The parties have consented to having a United States Magistrate Judge exercise jurisdiction over this matter.  [ECF Nos. 12, 13].

present their positions.  *Id*. at 210.  To this end, on April 11, 2012, this court issued an Order to Show Cause why the Petition should not be dismissed as untimely (ECF No. 9).  Petitioner filed responses to this Order on May 8, 2012 (ECF No. 14) and May 15, 2012 (ECF No. 15).

The following discussion shows that the Petition for Writ of Habeas Corpus is untimely. An appropriate Order follows.

### A. Relevant Procedural History

On November 14, 2005, Petitioner pleaded guilty to one count of Recklessly Endangering Another Person; and two counts of DUI (a third offense).  On April 7, 2006, he was sentenced to an aggregate term of from two (2) and one half (1/2) to twelve (12) years.  Petitioner filed a timely appeal to the Superior Court of Pennsylvania from the judgment of his sentence.  On June 11, 2007, the Pennsylvania Superior Court issued an order holding that Petitioner's claims were waived and that, nonetheless, the claims lacked merit.  He did not seek review of this determination in the Supreme Court of Pennsylvania.

On June 12, 2008, Petitioner filed a petition for relief under the Pennsylvania Post Conviction Relief Act (PCRA), 42 Pa. Cons. Stat. § 9542.  Attorney Jarrett K. Whalen was appointed to represent Petitioner through his PCRA proceedings.  On June 13, 2011, Attorney Whalen filed a motion to withdraw Petitioner's PCRA Petition at Petitioner's request.  On June 14, 2011, the Court granted this motion and the PCRA Petition was withdrawn.  Petitioner's Petition for Writ of Habeas Corpus filed in this Court was executed on February 21, 2012.

### B. Time Period for Filing Federal Habeas Corpus Petitions

The first consideration in reviewing a federal habeas corpus petition is whether the petition was timely filed under the one-year limitations period applicable to such petitions.  In this regard,

the federal habeas corpus laws impose a one-year limitations period applicable to state prisoners, which provides as follows.

    (d)    (1)    A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State Court.  The limitation period shall run from the latest of—

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

    (2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d) (as amended).

In analyzing whether a petition for writ of habeas corpus has been timely filed under the one-year limitations period, a federal court must undertake a three-part inquiry.  First, the court must determine the "trigger" date for the individual claims raised in the Petition.  Typically, this is the date that the petitioner's direct review concluded and the judgment became "final" for purposes of triggering the one-year period under section § 2244(d)(1)(A).  Second, the court must determine

whether any "properly filed" applications for post-conviction or collateral relief were pending during the limitations period that would toll the statute pursuant to section 2244(d)(2). Third, the court must determine whether any of the other statutory exceptions or equitable tolling should be applied on the facts presented.

In the instant action, the Superior Court affirmed Petitioner's conviction on June 11, 2007. Consequently, direct review of Petitioner's conviction concluded, and the judgment became "final," thirty days thereafter, *i.e.*, on July 11, 2007. *See* Pa. R. App. P. 1113(a) (thirty-day period for filing a petition for allowance of appeal to the Pennsylvania Supreme Court); Nara v. Frank, 264 F.3d 310, 314 (3d Cir. 2001) (holding that, because the Petitioner did not file a direct appeal from his guilty plea, his conviction and sentence became "final" upon the expiration of the thirty-day time period during which he could have appealed). Thus, Petitioner had one year from that date, *i.e.*, until on or about July 11, 2008 to file a federal habeas corpus petition challenging his conviction.

In the case at bar, however, Petitioner did not file his federal Habeas Petition by July 11, 2008; instead, his federal habeas corpus petition was not filed in this Court until February 21, 2012, the date he signed his Petition. Thus, this court must determine whether Petitioner can take advantage of the "tolling" provision in section 2244(d)(2). In this regard, as stated above, section 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

With respect to the instant petition, Petitioner's one-year limitations period began running on July 12, 2007 and continued to run until June 12, 2008, when he filed his PCRA Petition. From July 12, 2007 (the date after his conviction became "final") until June 12, 2008 (the date he filed his PCRA Petition), three hundred and thirty six (336) days had run on Petitioner's one-year limitations period; thirty (30) days remained. Petitioner was pursuing his PCRA proceeding from June 12, 2008 through June 14, 2011, the date the Court granted his motion to withdraw his PCRA Petition. Accordingly, Petitioner's one-year AEDPA limitations was tolled from June 12, 2008 through July 14, 2011, thirty days after the date the Court granted his motion and withdrew his PCRA Petition. *See* Swartz v. Meyers, 204 F.3d 417 (3d Cir. 2000) (holding that the time during which a state prisoner may file an appeal from the denial of a post-conviction relief petition tolls the statute of limitations on filing a habeas petition). Petitioner's limitations period began running again on July 15, 2011 and expired 30 days later on August 14, 2011.

Petitioner's one-year limitations period ended on August 14, 2011. Unfortunately for him, Petitioner did not file his federal habeas corpus petition until February 21, 2012, over six months after his limitations period had expired. Nothing in the record in this action indicates that Petitioner is entitled to take advantage of any of the other provisions triggering the one-year limitations period. In this regard, Petitioner's petition for habeas corpus and his attachments do not indicate that Petitioner suffered any impediment to filing his federal petition. 28 U.S.C. § 2244(d)(1)(B). Nor has he asserted that his claims are based on a new constitutional right recognized by the United States Supreme Court and made retroactive to cases on collateral review. 28 U.S.C. § 2244(d)(1)(C). In addition, he has not shown that his claims are based upon a factual

predicate that could not have been discovered through the exercise of due diligence.  28 U.S.C. § 2244(d)(1)(D).

Finally, after reviewing Petitioner's claims and his responses to the Order to Show Cause, there is no indication that the doctrine of equitable tolling should be applied in this action. Although AEDPA's one-year limitation in § 2244(d) is a statute of limitations, not a jurisdictional bar, and, therefore, may be equitably tolled:

> Equitable tolling is proper only when the principles of equity would make the rigid application of a limitation period unfair.  Generally, this will occur when the petitioner has in some extraordinary way been prevented from asserting his or her rights.  The petitioner must show that he or she exercised reasonable diligence in investigating and bringing the claims.  Mere excusable neglect is not sufficient.

Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618-19 (3d Cir. 1998) (internal citations, quotations, and punctuation omitted).  The burden of establishing entitlement to the extraordinary remedy of equitable tolling rests with the petitioner.  Id. at 978.

The United States Court of Appeals for the Third Circuit has indicated that equitable tolling of the AEDPA statute of limitations is permitted if:  "(1) the defendant has actively misled the plaintiff, (2) the plaintiff has in some extraordinary way been prevented from asserting his rights, or (3) the plaintiff has timely asserted his rights mistakenly in the wrong forum."  Fahy v. Horn, 240 F.3d 239, 244 (3d Cir.) (internal citation omitted), cert. denied, 513 U.S. 1086 (2001). In the instant action, Petitioner has not carried his burden of showing any extraordinary circumstances beyond his control that accounted for his failure to have filed his habeas petition in a timely manner.  See, e.g., Johnson v. Hendricks, 314 F.3d 159 (3d Cir. 2002) (agreeing with other circuits in holding that in non-capital cases, an attorney's mistake in determining a

petitioner's one-year limitations period does not constitute extraordinary circumstances for purposes of equitable tolling).

The discussion above reveals that the petition for writ of habeas corpus in the instant action was not timely filed in accordance with the directives in 28 U.S.C. § 2244(d).

### C. Certificate of Appealability

Section 2253 generally governs appeals from district court orders regarding habeas petitions. Section 2253(c)(1)(A) provides that an appeal may not be taken from a final order in a habeas proceeding in which the detention arises out of process issued by a State court unless a certificate of appealability (COA) has been issued. A certificate of appealability should be issued only when a petitioner has made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2254(c)(2). There is a difficulty with this provision when the District Court does not decide the case on the merits but decides the case on a procedural ground without determining whether there has been a denial of a constitutional right. In Slack v. McDaniel, 529 U.S. 473 (2000) the Supreme Court held that when the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a certificate of appealability should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. Applying this standard to the instant case, the court concludes that jurists of reason would not find it debatable that Petitioner did not file his habeas petition within the one-year limitations period. Accordingly, there is no basis upon which to grant a certificate of appealability.

**AND NOW**, this 30th day of May, 2012:

**IT IS HEREBY ORDERED t**hat the Petition for Writ of Habeas Corpus is **DISMISSED** as untimely.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of Court mark this case **CLOSED**.

**AND IT IS FURTHER ORDERED** that, pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, Petitioner has thirty (30) days to file a notice of appeal as provided by Rule 3 of the Federal Rules of Appellate Procedure if he so desires.

<u>/s/ Cynthia Reed Eddy</u>
Cynthia Reed Eddy
United States Magistrate Judge

George W. Welshimer, GQ-5333
S.C.I. Pittsburgh
P.O. Box 99991
Pittsburgh, PA 15233